UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
at NASHVILLE

| | |
|---|---|
| STEPHEN M. NEELY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. _____ |
| | ) |
| PROVIDENT LIFE AND ACCIDENT | ) |
| INSURANCE COMPANY, Individually, | ) |
| PROVIDENT LIFE AND ACCIDENT | ) |
| INSURANCE COMPANY d/b/a UNUM | ) |
| GROUP CORPORATION, UNUM | ) |
| GROUP CORPORATION, Individually, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendant Unum Group Corporation, by counsel, hereby files this Notice of Removal to the United States District Court for the Middle District of Tennessee, at Nashville, stating as follows:

1. On May 25, 2017, the Complaint in Case No. 2017-CV-171 was filed in the Chancery Court of Wilson County, Tennessee, by Plaintiff against Defendants Provident Life and Accident Insurance Company ("Provident") and Unum Group Corporation ("Unum"). The Summons, along with the Complaint, was served on Unum by and through its registered agent for service, Corporation Service Company, by personal service, on May 31, 2017. Copies of the Summonses and Complaints (along with the transmittals by Corporation Service Company) are appended hereto as collective **Exhibit A**, which constitutes all process, pleadings and orders served upon Defendants to date in this action.

2. The action is of a civil nature, involving a claim for benefits pursuant to an employee welfare benefit plan, specifically a disability plan established or maintained by

Plaintiff's former employer(s), Orthopedic Surgeons a/k/a Tennessee Orthopedics a/k/a Tennessee Sports Medicine & Orthopedics (collectively "Employer"), and funded by a disability insurance policy or policies issued by Provident (the "Plan").

3. The Plan was established as an employer-sponsored group plan under Risk Group No. 80421, in which premiums for certain policies issued to Plaintiff and other participants were paid in whole or in part by the Employer. Risk Group No. 80421 was established pursuant to a Salary Allotment Agreement entered into by Provident and the Employer on June 22, 1990. The Salary Allotment Agreement provided that premiums for the insured under the Plan would be paid by Employer to Provident under a common billing invoice. In exchange, Provident offered group premium discounts to the Employer and policyholders. Copies of the Salary Allotment Agreement and Risk Group Summary Sheet are attached hereto as **Exhibits B** and **C**, respectively.

4. The present action seeks recovery of disability benefits under Provident Policy No. 6PC-462691 (the "Policy") issued to Plaintiff. Although originally issued to Plaintiff in 1981, the Policy was amended, effective January 1, 1992, and became part of the Employer's Risk Group No. 80421 pursuant to a Salary Allotment Rider, a copy of which is attached hereto as **Exhibit D**. Plaintiff's Policy was among several issued to participants in Risk Group 80421, and each policy issued thereunder was subject to a 13% multi-life premium discount.

5. The benefits offered through the Policy as well as other policies issued to Plaintiff and other physicians under Risk Group No. 80421 were part of an "employee welfare benefit plan" under ERISA 29 U.S.C. §1002(1). Plaintiff was a "participant" of the Plan as defined by ERISA, 29 U.S.C. §1002(7). *See Massachusetts Casualty Ins. Co. v. Reynolds*, 113 F.3d 1450, 1452-53 (6th Cir. 1997) (holding that ERISA applied where the insured's former employer

2

15666728v3 10708-0112
Case 3:17-cv-00996   Document 1   Filed 06/29/17   Page 2 of 6 PageID #: 2

provided ERISA-governed benefits to its employees by purchasing individual disability insurance policies for them, and after his employment terminated, the insured elected to continue the same policy except that he became responsible for paying the premiums).

6. In November 1998, Plaintiff removed the Policy from Risk Group No. 80421, and exercised his right to continue his disability insurance coverage with Provident by paying the premiums individually, but retaining the same multi-life premium discount available to the Employer. ERISA continues to apply in such circumstances. *See Massachusetts Casualty Ins. Co. v. Reynolds*, 113 F.3d 1450, 1452, 1453 (6th Cir. 1997) (ERISA continued to apply after Plaintiff left his employer and continued to make payments on the Policy). *See also, Alexander v. Provident Life and Acc. Ins. Co.*, 663 F. Supp. 2d 627, 636, 638 (E.D. Tenn. 2009) (ERISA continued to govern insured's policy after former employer ceased doing business and original risk group under Salary Allotment Agreement terminated; holding that, "[a]s a matter of law, Plaintiff's individual payment of premiums after leaving [his employer] does not convert the policy to a new, individual policy, outside the governance of ERISA."); *Falcone v. Provident Life & Accident Ins. Co.*, 651 F.Supp.2d 760, 765 (S.D. Ohio 2009) (ERISA applied to disability claim made in 2006, even though plaintiff's policy had been removed from employer risk group (established under Salary Allotment Agreement) since 1994, when plaintiff began paying premiums individually), *Jaffe v. Provident Life and Acc. Ins. Co.*, 2000 WL 349750, *4 n. 8 (S.D. Fla. 2000) ("We agree with Provident that Plaintiff's commencing payment of his own premiums in 1998 does not affect our finding that the employer established or maintained the plan."); *Viechnicki v. UnumProvident Corp.*, 2007 WL 433479, *4 (E.D. Pa. Feb. 8, 2007) ("courts have declined to accept the proposition that when the employee assumes the payment of the premiums in place of the employer, the policy is no longer governed by ERISA."); *Stern v.*

*Provident Life and Accident Ins. Co.*, 295 F.Supp.2d 1321, 1327 (M.D. Fla. 2003) ("Once ERISA, always ERISA.")

7. This Court has original federal question jurisdiction over the action pursuant to 28 U.S.C. §1331, inasmuch as the Complaint asserts a claim for benefits under an employee benefit plan established under and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

8. Plaintiff's cause of action seeks benefits under the Policy together with punitive damages and treble damages and attorney fees under T.C.A. § 47-18-101 *et seq.* Although pleaded as state law causes of action for breach of contract and extra-contractual claims, Plaintiff's causes of action "arise under" federal law within the meaning of 28 U.S.C. § 1331. ERISA completely preempts such state law causes of action and provides the exclusive federal remedies for the resolution of claim for benefits by employee benefit plan participants and beneficiaries. *See* ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

9. Section 502(e) of ERISA, 29 U.S.C. §1132(e), confers original jurisdiction upon the district courts of the United States over claims initiated by participants or beneficiaries to recover benefits due or to enforce rights under employee benefit plans subject to ERISA.

10. Thus, Plaintiff's Complaint is an action of a civil nature founded upon a claim of right arising under the laws of the United States over which the district court of the United States is given original jurisdiction pursuant to 28 U.S.C. §1331 and is therefore removable to this Court pursuant to the provisions of 28 U.S.C. §§1441(a) and (b). *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Such a claim is properly removable even if the applicability of ERISA preemption does not appear on the face of the Complaint. *Id.*

11. Defendant has filed no pleadings in this action, and this Notice of Removal is filed within thirty (30) days after the receipt by it of copies of the Complaint and Summons in this action.

12. Defendant is giving notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. §1446(d) and will file a copy with the Clerk and Master of the Chancery Court of Wilson County, Tennessee, as further required by that section.

13. Co-Defendant Provident consents to and joins in Unum's removal of this case.

**WHEREFORE**, Unum respectfully request that this Court accept this Notice of Removal and that it assume jurisdiction of this cause and issue such further orders and processes as may be necessary for the adjudication hereof.

Respectfully Submitted,

**MILLER & MARTIN PLLC**

By: /s/James T. Williams
James T. Williams (TN BPR No. 16341)
james.williams@millermartin.com
Michael J. Dumitru (TN BPR No. 30140)
michael.dumitru@millermartin.com
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
Facsimile: (423) 785-8480
*Attorney for Defendants Provident Life and Accident Insurance Company and Unum Group Corporation*

## CERTIFICATE OF SERVICE

  I hereby certify that on June 29, 2017, a true and correct copy of the foregoing document was filed electronically, together with all attachments and/or exhibits. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, which are as follows:

    Jason G. Denton, Esq.
    Brett Rozell, Esq.
    Rochelle, McCullouch & Aulds, PLLC
    109 Castle Heights Ave N.
    Lebanon, TN 37087
    jdenton@rma-law.com

    **MILLER & MARTIN PLLC**

    By:/s/James T. Williams